NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOHN VERDEROSA, PETITIONER, v. COLONIAL LIFE INSURANCE COMPANY AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, RESPONDENT.

Decided February 6, 1941.

For the petitioner, *Harry Cohn* (*David Roskein,* of counsel).

For the respondent, *Clarence B. Tippett.*

\*    \*    \*    \*    \*    \*    \*

From the testimony adduced, and the stipulations entered into, I find and determine that heretofore the petitioner, John Verderosa, suffered a compensable accident on February 21st, 1927, which arose out of and in the course of his employment with the respondent, when he fell down a flight of stairs after making a call upon one of the policy holders of the respondent. The injuries suffered in this accident aggravated a dormant arthritic condition and produced and resulted in symptoms and disability which was progressive in nature, and eventually became total in character. A claim petition for compensation for the disability resulting from said accident was filed with the Workmen's Compensation Bureau pursuant to the statute, on October 26th, 1935, to which an answer was filed by the respondent and a hearing thereon was had before Deputy Commissioner Stephen J. Lorenz, who on June 7th, 1939, adjudicated and determined, *inter alia,* that the petitioner had suffered, as a result of the aforesaid compensable accident, a disability, temporary in character, from July 1st, 1927, to September 21st, 1927, or a period of fourteen and two-sevenths weeks, and permanent disability to the extent of 100 per cent. of total, for which the petitioner was allowed compensation for 400 weeks from September 21st, 1927, to May 2d, 1935. It further appears that an appeal was taken to the Essex County Court of Common Pleas by the respondents from the aforesaid judgment and determination of the Workmen's Compensation Bureau and the judgment of the bureau was affirmed in an order and rule for judgment entered by Judge Dallas Flannagan on December 2d, 1939. The said judgment determined that due to the progressive nature of the petitioner's condition, his disability was total in character and permanent in quality

prior to June 7th, 1939, and further provided that at the termination of the 400 week period of compensation for permanent disability therein awarded, the petitioner be subject to the further benefits provided for by the statute *R. S.* 34:15-12b.

It appears that the petitioner has, in accordance with the requirements of the aforesaid statute, submitted himself to the Rehabilitation Commission of Labor and Director of Rehabilitation on May 15th, 1940, for examination and for such physical or educational rehabilitation as the said commission may have ordered, and it further appears that after medical examinations and other investigations made by the Rehabilitation Commission it was, on September 19th, 1940, certified by said commission that the petitioner was totally and permanent disabled and not a fit subject for physical or educational rehabilitation, and that because of his total and permanent disability, it is impossible for him to obtain wages or earnings equal to those earned at the time of the accident, or any wages or earnings whatsoever.

There was introduced in evidence at the hearing, the report of the New Jersey Rehabilitation Commission, dated September 19th, 1940. There was also adduced the testimony of the petitioner, as well as that of Dr. Aaron Haskin, his attending physician, and Dr. Max Kummel, an orthopedist. From a consideration of the testimony and evidence adduced, it appears that the petitioner, as the result of the compensable accident of February 21st, 1927, suffered an aggravation of a generalized arthritis and a psychoneurosis superimposed thereon and that the conditions are progressive in character.

The medical testimony indicates that the petitioner became totally disabled on November 16th, 1936, by reason of the aforesaid compensable accident. Having considered the medical testimony adduced and the other evidence before me, a question exists in my mind as to whether the petitioner would have been found to be totally and permanently disabled, had an award been made prior to November 16th, 1936. Accordingly, I find and determine that the petitioner, by reason of the aforesaid compensable accident, became totally and permanently disabled on November 16th, 1936.

I further find and determine that the petitioner, having been paid compensation for a period of 400 weeks, in accordance with the award and judgment of the Workmen's Compensation Bureau, and having submitted himself to the Rehabilitation Commission for examination and for such physical or educational rehabilitation as said commission might order, and the said commission having certified on September 19th, 1940, that the petitioner was totally and permanently disabled and it appearing to my satisfaction that by reason of his total and permanent disability, it is impossible for him to obtain any wages or earnings, is accordingly entitled to the benefits of the terms and provisions of the statute, R. S. 34:15-12b, and that he is entitled to receive further weekly payments of compensation. Inasmuch as the 400 weeks of compensation heretofore paid, ended on May 2d, 1935, and by reason of the determination which I have reached, as hereinabove indicated, that the petitioner became totally and permanently disabled on November 16th, 1936, I find that the further weekly payments of compensation to which the petitioner is entitled, shall commence and continue from November 16th, 1936, and until the further order of this court.

It is therefore, on this 16th day of February, 1941, ordered, that the respondent make further weekly payments of compensation to the petitioner at the rate of $16.67 per week from November 16th, 1936, to the date of the signing of this order, or a period of 217 2/7ths weeks, in the amount of $3,622.15, which sum shall be paid by the respondent upon the entry of this order; and it is further

Ordered, that the respondent continue to make weekly payments of compensation in the amount of $16.67 per week commencing with the date of this order until the further order of this court, and it is further

Ordered, that the respondent reserve the right to make application to this court for a modification of this order pursuant to the statute in such case made and provided.

\*　　　\*　　　\*　　　\*　　.　\*　　　\*　　　\*

JOHN C. WEGNER,
Deputy Commissioner.